UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF MICHIGAN

ROBIN LEE,  
A citizen of the State of Missouri,

        Plaintiff,

-vs-

VIDHI 7 LLC d/b/a RAMADA INN  
& CONFERENCE CENTER, a  
Michigan Limited Liability Corporation,

        Defendant.

Case No.:  
Hon.

COCHRAN, KROLL & ASSOCIATES, P.C.  
BY:  **TERRY L. COCHRAN, P35890**  
BY: **JEFFREY MUSSIN, P81032**  
Attorneys for Plaintiff  
32398 Five Mile Road  
Livonia, MI 48154  
(734) 425-2400; (734) 425-7885 – fax  
tcochran@cochranlaw.com  
jmussin@cochranlaw.com

## COMPLAINT AND JURY DEMAND

There is no other pending or resolved civil action arising out of the transaction or occurrence alleged in the complaint.

NOW COMES the above-named Plaintiff, ROBIN LEE, by and through counsel, Cochran, Kroll & Associates, P.C., and complains against Defendants, VIDHI 7 LLC d/b/a RAMADA INN & CONFERENCE CENTER, as follows:

## ALLEGATIONS

1. Plaintiff, Robin Lee, is a resident of the City of Lake Saint Louis, County of St. Charles, State of Missouri.

2.      Defendant, VIDHI 7, LLC d/b/a Ramada Inn & Conference Center is a Michigan corporation that operates a a hotel that regularly conduct business within the State of Michigan with Registered Agent Bharat Patel, located at 305 W. Canford Park, Canton, Michigan 48187.

3.      The amount in controversy is more than Seventy-Five Thousand ($75,000.00) Dollars, exclusive of interest, cost and fees.

4.      The property where the injury occurred is Ramada Inn Hotel & Conference Center located at 7501 West Saginaw Highway in Lansing, Michigan.

5.      Jurisdiction over this matter arises as a result of diversity of citizenship between Plaintiff Robin Lee, a resident of the State of Missouri, and Defendant, Vidhi 7, LLC, a Michigan Corporation, whose primary headquarters are located in the City of Lansing, State of Michigan and damages in excess of $75,000.00 not inclusive of costs and attorney's fees pursuant to 28 U.S. Code 1332.

6.      Defendant, Vidhi 7 LLC is a limited liability company, incorporated in Michigan, whose citizenship depends on the citizenship of each member of the company. *Citizens Bank v. Plasticware, LLC*, 830 F. Supp. 2d 321, 325 (E.D. Ky. 2011) ("Sixth Circuit precedent holds that 'a limited liability company is not treated as a corporation and has the citizenship of its members.'") (*quoting Homfeld II, LLC v. Comair Holdings, Inc.*, 53 F. Appx. 731, 732 (6th Cir. 2002)). Defendant Vidhi 7's is a corporation made up of one manager. A corporation is a citizen of every place in "which it is incorporated" and "where it has its principal place of business[.]" 28 U.S.C. 1332(c)(l). Defendant Vidhi 7 LLC d/b/a Ramada Hotel & Conference Center is a Michigan corporation with its principal place of business in Lansing, Michigan. According to the Secretary of State

filings in Michigan and OpenCorporate.com, Defendant Vidhi 7 has one (1) manager that is a resident of Michigan and has no other managers located in any other state. Defendant Vidhi 7's primary place of business is Lansing, MI and its sole manager has a residence in Canton, Michigan. Defendant Vidhi 7 is therefore a citizen of Michigan. Defendant Vidhi 7 was not, at the time of the filing the Complaint, a citizen of the State of Missouri. **See Exhibit 1 – Business Filings**.

7. Defendant Vidhi 7 is the owner with jurisdiction and control over the the Ramada Inn Hotel & Conference Center, located at 7501 West Saginaw Highway in Lansing, Michigan, County of Ingham, State of Michigan, where Plaintiff's injuries occurred.

8. On or around March 1, 2023, Plaintiff Robin Lee, a disabled U.S. Veteran, was a business invitee of the Defendant and staying at the Ramada Inn Hotel, while she was here visiting.

9. On that day, Plaintiff Robin Lee was in her room and taking a shower when, as she attempted to exit the shower using a safety grab bar installed in the shower, the bar came out of the wall causing her to fall back into the bathtub and sustain serious and painful injuries including but not limited to a severe rotator cuff tear requiring surgical repair and aggravation of pre-existing injuries. **Exhibit 2 – Photos**.

10. Upon information and belief, it is Defendant's responsibility for inspection, maintenance, and repair of the safety grab bar in the showers to rooms they provide to its business invitees.

11. As a direct and proximate result of the hidden hazards of the safety grab bar in the shower, in the above stated incident, Plaintiff Robin Lee sustained severe, permanent,

and serious personal injuries and has incurred medical expenses and other expenses, by way of example and not by way of limitation, for:

a. Reasonable and necessary medical expenses for care, recovery, or rehabilitation;
b. Loss of wages; and
c. Pain and suffering.

12. Defendant, Vidhi 7 LLC, had a duty to ensure the shower safety grab bar was free of defects and hazards as well as properly secured to the wall, and as a result of their negligence, directly and proximately, caused Plaintiff to suffer serious and painful personal injuries.

WHEREFORE, Plaintiff, Robin Lee, respectfully requests that this Court issue a judgment against Defendant in favor of Plaintiff in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), plus interest, costs and attorney fees.

## II. GENERAL AND ACTIVE NEGLIGENCE OF DEFENDANT VIDHI 7 LLC

13. Plaintiff incorporates by reference each and every preceding paragraph as though fully stated herein.

14. Upon information and belief, Defendant, VIDHI 7 LLC, was the owner and/or landlord of the building and responsible for the inspection, maintenance, and repair of it's the shower and safety devices in room provided to its patrons.

15. Defendant, VIDHI 7 LLC, as a business owner of the premises, owed a duty to Plaintiff, Robin Lee, a business invitee of Defendant, to maintain the shower and its safety devices in a condition fit for the use intended by its business invitees as well as to keep the shower and its safety devices in reasonable repair and to comply with all applicable health and safety laws of the Federal, State and local units of government where the premises were located and breached said statutory duty by way of illustration

and to limitation:

    a. Defendant failed, and continues to fail, to maintain the shower safety equipment in a manner that would not cause harm to its business invitees;

    b. Defendant failed, and continues to fail, to warn Plaintiff, of the hazard when they knew or should have known that it was unsafe for use;

    c. Defendant failed, and continues to fail, to maintain and/or repair the shower safety equipment in such a manner that it would not create a hidden defect or unreasonably dangerous harmful condition to its business invitees, such as Plaintiff;

    d. Defendant failed, and continues to fail, to repair, replace, and/or secure the shower safety devices in such a manner that it would not create a hidden defect or unreasonably dangerous harmful condition to its business invitees, such as Plaintiff;

    e. Defendant failed, and continues to fail, to inspect and discover the defect in the shower safety devices in counts (a), (b), (c) and (d);

    f. Defendant failed to protect business invitees, including Plaintiff, from the dangerous and defective poorly secured safety devices;

    f. Defendant failed, and continues to fail, to exercise due care and caution in the maintenance of its safety devices in the rooms it provides to its patrons, such as Plaintiff;

    g. Defendant failed, and continues to fail, to provide proper, safe, and adequate access and egress to other business invitees using showers with safety devices in Defendant's rooms provided to its patrons;

    h. Defendant failed, and continues to fail, to properly supervise their employee's and/or sub-contractor's in the maintenance, inspection, and repair of shower safety devices located upon the premises;

    i. Defendant failed, and continues to fail, to properly inspect the shower and its safety devices located upon the premises to ensure that they were in good working order and safe for use by business invitees; and

    j. Defendant failed, and continues to fail, to comply with applicable building codes for the City of Lansing, County of Ingham, State of Michigan as well as Federal Law and the Americans with Disabilities Act.

16. Defendant, VIDHI 7 LLC, failed to use equipment, tools, and/or materials to ensure that business invitees, such as Plaintiff, were warned and/or protected from the hidden defects and/or unreasonably dangerous conditions created by the defective and/or poorly secured shower safety devices in the rooms provided to its patrons.

17. Defendant, VIDHI 7 LLC, did not adequately inspect the shower or shower safety devices to discover the unreasonably dangerous condition and/or hidden defect created by their failure to inspect, replace, maintain and/or repair said shower safety devices.

18. Defendant, VIDHI 7 LLC, knew or should have known their failure to inspect, replace, maintain and/or repair said shower safety devices would create a hidden defect and/or an unreasonably dangerous condition that would cause serious harm to its business invitees.

19. As a direct and proximate result of Defendant, VIDHI 7 LLC's breach of its duties, Plaintiff sustained serious and permanent personal injuries.

WHEREFORE, Plaintiff, Robin Lee, respectfully requests that this Court issue a judgment against Defendant in favor of Plaintiff in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), plus interest, costs and attorney fees.

### III. PREMISES LIABILITY OF DEFENDANT VIDHI 7 LLC

20. Plaintiff incorporates by reference each and every preceding paragraph as though fully stated herein.

21. Defendant, VIDHI 7 LLC, was the owner and in control of the building and rooms at the Ramada Inn Hotel & Conference Center, located at 7501 West Saginaw Highway in Lansing, Michigan.

22. The subject defective shower safety grab bar constitutes a defect in Defendant's property.

23. The Defendant's failure to inspect, properly secure and maintain the shower safety grab bar created an unreasonably hazardous and unavoidable and/or hidden defect.

24. The subject defective shower safety grab bar that caused Plaintiff's severe and painful injuries was located on Defendant's property.

25. Defendant, VIDHI 7 LLC, owed Plaintiff, Robin Lee, a business invitee, the duty to maintain the shower and shower safety equipment fit for reasonable use and breached said duties by way of illustration and not limitation:

   a. Defendant failed, and continues to fail, to maintain the shower safety equipment in a manner that would not cause harm to its business invitees;
   b. Defendant failed, and continues to fail, to warn Plaintiff, of the hazard when they knew or should have known that it was unsafe for use;
   c. Defendant failed, and continues to fail, to maintain and/or repair the shower safety equipment in such a manner that it would not create a hidden defect or unreasonably dangerous harmful condition to its business invitees, such as Plaintiff;
   d. Defendant failed, and continues to fail, to repair, replace, and/or secure the shower safety devices in such a manner that it would not create a hidden defect or unreasonably dangerous harmful condition to its business invitees, such as Plaintiff;
   e. Defendant failed, and continues to fail, to inspect and discover the defect in the shower safety devices in counts (a), (b), (c) and (d);
   f. Defendant failed to protect business invitees, including Plaintiff, from the dangerous and defective poorly secured safety devices;
   g. Defendant failed, and continues to fail, to exercise due care and caution in the maintenance of its safety devices in the rooms it provides to its patrons, such as Plaintiff;
   h. Defendant failed, and continues to fail, to provide proper,

       safe, and adequate access and egress to other business invitees using showers with safety devices in Defendant's rooms provided to its patrons;

  i.  Defendant failed, and continues to fail, to properly supervise their employee's and/or sub-contractors in the maintenance, inspection, and repair of shower safety devices located upon the premises;

  j.  Defendant failed, and continues to fail, to properly inspect the shower and its safety devices located upon the premises to ensure that they were in good working order and safe for use by business invitees; and

  k.  Defendant failed, and continues to fail, to comply with applicable building codes for the City of Lansing, County of Ingham, State of Michigan as well as Federal Law and the Americans with Disabilities Act.

26.    Defendant, VIDHI 7 LLC, breached all of the aforementioned duties and obligations which was the direct and proximate cause of Plaintiff, Robin Lee's injuries more specifically described herein.

WHEREFORE, Plaintiff, Robin Lee, respectfully requests that this Court issue a judgment against Defendant in favor of Plaintiff in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), plus interest, costs and attorney fees.

## IV. DAMAGES

27.    Plaintiff incorporates by reference each and every preceding paragraph as though fully stated herein.

28.    As a result of Defendant's negligence and the breaches in the aforementioned duties, Plaintiff, Robin Lee, sustained serious and permanent bodily injuries that have required significant medical treatment and will likely require future medical treatment, by way of illustration and not limitation:

  a.  Torn Rotator Cuff with surgical recommendation;
  b.  Labrum Tear;
  c.  Bicep Tendon tear;
  d.  Aggravation of pre-existing injuries;

     e.     Economic losses such as significant medical expenses and wage loss;
     f.     Extreme past and future pain and suffering;
     g.     Embarrassment and humiliation;
     h.     Mental anguish and post-traumatic stress;
     i.     Lost enjoyment of social and recreational pleasures; and
     j.     Any other losses, injuries, or damages that are discovered in the course of litigation.

29. The above-described damages, losses, and injuries are the direct and proximate result of Defendant's negligence and the breaches in the aforementioned duties as more specifically described herein.

WHEREFORE, Plaintiff, Robin Lee, respectfully requests that this Court issue a judgment against Defendant in favor of Plaintiff in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), plus interest, costs and attorney fees.

                                    /S/JEFFREY M. MUSSIN
                                    COCHRAN, KROLL & ASSOCIATES, P.C.
                                    BY:  TERRY L. COCHRAN, P35890
                                    BY:  JEFFREY M. MUSSIN, P81032
                                    Attorneys for Plaintiff
                                    32398 Five Mile Road
                                    Livonia, Michigan  48154
                                    (734)  425-2400

Dated:  August 14, 2024

UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF MICHIGAN

ROBIN LEE,  
A citizen of the State of Missouri,

       Plaintiff,

-vs-

VIDHI 7 LLC d/b/a RAMADA INN  
& CONFERENCE CENTER, a  
Michigan Limited Liability Corporation,

       Defendant.

Case No.:  
Hon.

/

COCHRAN, KROLL & ASSOCIATES, P.C.  
BY:  **TERRY L. COCHRAN, P35890**  
BY: **JEFFREY MUSSIN, P81032**  
Attorneys for Plaintiff  
32398 Five Mile Road  
Livonia, MI 48154  
(734) 425-2400; (734) 425-7885 – fax  
tcochran@cochranlaw.com  
jmussin@cochranlaw.com

_____/

## JURY DEMAND

NOW COMES the above-named Plaintiff, Robin Lee, by and through counsel, Cochran, Kroll & Associates, P.C., and hereby demands trial by jury of the facts and issues of the subject litigation.

                      /S/JEFFREY M. MUSSIN_____  
                      COCHRAN, KROLL & ASSOCIATES, P.C.  
                      BY:  TERRY L. COCHRAN, P35890  
                      BY:  JEFFREY M. MUSSIN, P81032  
                      Attorneys for Plaintiff  
                      32398 Five Mile Road  
                      Livonia, Michigan  48154  
                      (734)  425-2400

Dated:  August 14, 2024